**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No:_____ |
| BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON<br>TRUST #11-08; RICHARD KEITH<br>JEFFERSON as TRUSTEE of the<br>RICHARD KEITH JEFFERSON TRUST<br>#11-08; 4.01 ACRES more or less of<br>REAL PROPERTY in SCOTT<br>COUNTY, ILLINOIS; and UNKNOWN<br>OWNERS, | ) ) ) ) ) ) ) ) ) ) | (IL-SC-003.000) |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BETTY ANN JEFFERSON as TRUSTEE<br>of the BETTY ANN JEFFERSON<br>TRUST #11-08; RICHARD KEITH<br>JEFFERSON as TRUSTEE of the<br>RICHARD KEITH JEFFERSON TRUST<br>#11-08; 1.62 ACRES more or less of<br>REAL PROPERTY in SCOTT<br>COUNTY, ILLINOIS; and UNKNOWN<br>OWNERS, | ) ) ) ) ) ) ) ) ) ) | (IL-SC-008.000) |
| Defendants. | ) ) | |

| | |
|---|---|
| SPIRE STL PIPELINE LLC,<br>a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |

4BF2973.DOCX 3/18/2024

v.                                    )
                                      )
KENNETH W. DAVIS; 1.74 ACRES          )
more or less of REAL PROPERTY in      )
SCOTT COUNTY, ILLINOIS; and           )
UNKNOWN OWNERS,                       )        (IL-SC-018.000)
                                      )
     Defendants.          )

---

SPIRE STL PIPELINE LLC,               )
a Missouri limited liability company, )
                                      )
     Plaintiff,               )
                                      )
v.                                    )
                                      )
WILLIAM D. BALLARD and ALICE E.       )
BALLARD as CO-TRUSTEES of the         )
WILLIAM AND ALICE BALLARD             )
REVOCABLE LIVING TRUST dated          )
JANUARY 18, 2016; MARK A. RYAN;       )
1.85 ACRES more or less of REAL       )
PROPERTY in SCOTT COUNTY,             )
ILLINOIS; and UNKNOWN OWNERS,         )        (IL-SC-019.000)
                                      )
     Defendants.          )

---

SPIRE STL PIPELINE LLC,               )
a Missouri limited liability company, )
                                      )
     Plaintiff,               )
                                      )
v.                                    )
                                      )
MATTHEW J. CLAYTON; ANNE M.           )
CLAYTON; 2.71 ACRES more or less of   )
REAL PROPERTY in GREENE COUNTY, )
ILLINOIS; and UNKNOWN OWNERS,         )        (IL-GC-022.000)
                                      )
     Defendants.          )

---

SPIRE STL PIPELINE LLC,               )
a Missouri limited liability company, )
                                      )
     Plaintiff,               )
                                      )

v.                                      )
                                        )
HART FARMS, LLC., a Missouri limited    )
liability company; 1.48 ACRES           )
more or less of REAL PROPERTY in        )
GREENE COUNTY, ILLINOIS; and            )
UNKNOWN OWNERS,                         )        (IL-GC-041.001)
                                        )
     Defendants.                         )

SPIRE STL PIPELINE LLC,                 )
a Missouri limited liability company,   )
                                        )
     Plaintiff,                              )
                                        )
v.                                      )
                                        )
DARRELL L. MANSFIELD and JO ANN         )
MANSFIELD as CO-TRUSTEES of the         )
DARRELL L. MANSFIELD TRUST              )
NO. 2014; JO ANN MANSFIELD and          )
DARRELL L. MANSFIELD as                 )
CO-TRUSTEES OF THE JO ANN               )
MANSFIELD TRUST NO. 2014;               )
FARMERS STATE BANK; 4.04 ACRES          )
more or less of REAL PROPERTY in        )
GREENE COUNTY, ILLINOIS; and            )
UNKNOWN OWNERS,                         )        (IL-GC-068.000)
                                        )
     Defendants.                         )

SPIRE STL PIPELINE LLC,                 )
a Missouri limited liability company,   )
                                        )
     Plaintiff,                              )
                                        )
v.                                      )
                                        )
BERNARD H. MEYER as TRUSTEE of          )
the BERNARD H. MEYER TRUST #9-11;       )
MARY LOIS MEYER as TRUSTEE of           )
the MARY LOIS MEYER TRUST #9-11;        )
2.42 ACRES   more or less of REAL       )
PROPERTY in GREENE COUNTY,              )
ILLINOIS; and UNKNOWN OWNERS,           )        (IL-GC-093.000)
                                        )
     Defendants.                         )

SPIRE STL PIPELINE LLC,                          )
a Missouri limited liability company,            )
                                                 )
      Plaintiff,   )
                                                 )
v.                                               )
                                                 )
BERNARD H. MEYER as TRUSTEE of                   )
the BERNARD H. MEYER TRUST #9-11;                )
MARY LOIS MEYER as TRUSTEE of                    )
the MARY LOIS MEYER TRUST #9-11;                 )
1.98 ACRES   more or less of REAL                )
PROPERTY in GREENE COUNTY,                       )
ILLINOIS; and UNKNOWN OWNERS,                    )     (IL-GC-094.000)
                                                 )
      Defendants.  )

SPIRE STL PIPELINE LLC,                          )
a Missouri limited liability company,            )
                                                 )
      Plaintiff,   )
                                                 )
v.                                               )
                                                 )
GERALD SCOTT TURMAN;                             )
6.36 ACRES more or less of REAL                  )
PROPERTY in GREENE COUNTY,                       )
ILLINOIS; and UNKNOWN OWNERS,                    )     (IL-GC-117.000)
                                                 )
      Defendants.  )

SPIRE STL PIPELINE LLC,                          )
a Missouri limited liability company,            )
                                                 )
      Plaintiff,   )
                                                 )
v.                                               )
                                                 )
S.T. TURMAN CONTRACTING, L.L.C., a )
Missouri limited liability company;              )
3.07 ACRES more or less of REAL                  )
PROPERTY in GREENE COUNTY,                       )
ILLINOIS; and UNKNOWN OWNERS,                    )     (IL-GC-120.000)
                                                 )
      Defendants.  )

## VERIFIED COMPLAINT FOR CONDEMNATION OF
## TEMPORARY PIPELINE EASEMENTS

NOW COMES, Plaintiff, SPIRE STL PIPELINE LLC, a Missouri limited liability company, by and through its attorneys, Sorling Northrup, Lisa A. Petrilli and David A. Rolf, of counsel, and for its Verified Complaint for Condemnation of Temporary Pipeline Easements against defendants and certain real property located in Scott County and Greene County, Illinois, state as follows:

### GENERAL ALLEGATIONS

**A.    PARTIES AND REAL PROPERTY**

1.     Plaintiff, SPIRE STL PIPELINE LLC ("Spire STL") is a Missouri limited liability company authorized to transact business in Illinois with its principal place of business located at 700 Market Street, St. Louis, Missouri 63101.

2.     The Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity to Spire STL by order dated August 3, 2018 which Certificate of Public Convenience and Necessity was reissued by FERC on December 15, 2022 (collectively hereinafter "FERC Certificate").

3.     Upon the issuance of the FERC Certificate, Spire STL became a natural gas company as defined by section 2(6) of the Natural Gas Act, 15 U.S.C. §§ 717 *et seq.* as regulated by FERC.

4.     Pursuant to the Natural Gas Act, the FERC Certificate grants Spire STL the right to construct, operate, and maintain approximately 65 miles of natural gas pipeline in Missouri and Illinois ("Spire STL Pipeline"). A copy of the August 3, 2028 FERC Certificate is attached and incorporated herein as **Exhibit 1**. A copy of the December 15, 2022 FERC order reissuing the FERC Certificate is attached and incorporated herein as **Exhibit 2**.

5.      The named Defendants are interested parties and the record owners of real property along the Spire STL pipeline route in Scott County and Greene County in Illinois, as well as the property at issue all more particularly described herein.

6.      Defendant "Unknown Owners" are those individuals who may have a claim or interest in the properties whose names could not be ascertained through reasonably diligent inquiry and as such are made parties to this action as Unknown Owners pursuant to Federal Rule of Civil Procedure 71.1(c)(3).

**B.      NATURE OF THE ACTION**

7.      Spire STL files this action pursuant to 15 U.S.C. §717f(h), for the condemnation of certain temporary workspace, additional temporary workspace easements, and temporary access roads (collectively "Temporary Easements") on the Subject Property required for use in connection with the restoration and maintenance of the Spire STL Pipeline.

**C.      JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1331 by virtue of the Natural Gas Act, 15 U.S.C. § 717f(h).

9.      Pursuant to 15 U.S.C. § 717f(h), the amounts claimed by the owners of the properties to be condemned exceed Three Thousand Dollars ($3,000.00).

10.      Venue in this case is appropriate pursuant to 28 U.S.C. §§ 1391 as the Subject Property is located in Scott County and Greene County within the boundaries of the Central District of Illinois, Springfield Division.

11.      All Properties may be joined in one action pursuant to Federal Rule of Civil Procedure 71.1(b).

12.     Pursuant to the Federal Rules of Civil Procedure, Spire STL shall file the Notices required by Federal Rule of Civil Procedure 71.1(d) contemporaneously with this Complaint.

**D.     SPIRE STL PIPELINE**

13.     Spire STL Pipeline is a 65-mile long natural gas pipeline system constructed with 24-inch diameter pipe and extending from an interconnection with Rockies Express Pipeline LLC in Scott County, Illinois to interconnections with Spire Missouri Inc. and Enable Mississippi River Transmission in Missouri. The portion in Illinois extends approximately 59 miles and crosses through Scott, Greene, and Jersey Counties in Illinois.

14.     In accordance with the FERC Certificate, Spire STL Pipeline was constructed and placed in-service within two years from the date of the initial issuance of the FERC Certificate.

**E.     CONDEMNATION OF INTERESTS IN REAL PROPERTY**

15.     As set forth in detail in the FERC Certificate, the construction, operation, and maintenance of the Spire STL Pipeline is for a public and necessary purpose.

16.     In order to construct, operate, and maintain Spire STL Pipeline in a manner conducive to the public interest, convenience, and safety, Spire STL acquired certain permanent easements along the route of Spire STL Pipeline, including without limitation along the route in Scott County and Greene County in Illinois.

17.     Spire STL Pipeline has a permanent easement through the Subject Property and previously had possession of the Temporary Easements, which possession was released back to Defendants in January 2021.

18.     In furtherance of the authority granted by FERC pursuant to the Natural Gas Act, Spire STL seeks to acquire for the uses and purposes described above Temporary Easements through Landowners' properties for a limited duration of two years.

4BF2973.DOCX 3/18/2024

19.     Spire STL has been unable to acquire the necessary Temporary Easements through Defendants' Properties despite good faith efforts. Spire STL made good faith offers to Defendants for the acquisition of the necessary Temporary Easements before instituting this action, but the named Defendants have either failed to come to an agreement with Spire STL or failed to respond to Spire STL's offers.

## COUNT I

**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**BETTY ANN JEFFERSON as TRUSTEE of the BETTY ANN JEFFERSON TRUST #11-08; RICHARD KEITH JEFFERSON as TRUSTEE of the RICHARD KEITH JEFFERSON TRUST #11-08; 4.01 ACRES more or less of REAL PROPERTY in SCOTT COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19. Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count I.

20.     The owners of record of certain real property situated in Scott County, Illinois along the Spire STL Pipeline are the Betty Ann Jefferson Trust #11-08, Betty Ann Jefferson, Trustee, and the Richard Keith Jefferson Trust #11-08, Richard Keith Jefferson, Trustee, (hereinafter collectively "Landowner").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 3A** and shown more particularly in the certified plat attached as **Exhibit 3B,** both incorporated herein.

22.     The 4.01 acres more or less described in Exhibits 3A and 3B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

4BF2973.DOCX 3/18/2024

23.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D. That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E. For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT II

**SPIRE STL PIPELINE LLC, Plaintiff, v.
BETTY ANN JEFFERSON as TRUSTEE of the BETTY ANN JEFFERSON TRUST #11-08; RICHARD KEITH JEFFERSON as TRUSTEE of the RICHARD KEITH JEFFERSON TRUST #11-08; 1.62 ACRES more or less of REAL PROPERTY in SCOTT COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19. Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count II.

20. The owners of record of certain real property situated in Scott County, Illinois along the Spire STL Pipeline are the Betty Ann Jefferson Trust #11-08, Betty Ann Jefferson, Trustee, and the Richard Keith Jefferson Trust #11-08, Richard Keith Jefferson, Trustee, (hereinafter collectively "Landowner").

21. Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 4A** and shown more particularly in the certified plat attached as **Exhibit 4B,** both incorporated herein.

22. The 1.62 acres more or less described in Exhibits 4A and 4B, or other property described, is private property, and the Landowner mentioned in connection with the property is,

as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.   Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.   In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.   In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.   It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.   That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.   That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.      That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT III

**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**KENNETH W. DAVIS; 1.90 ACRES more or less of REAL PROPERTY in SCOTT COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19.   Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count III.

20.      The owner of record of certain real property situated in Scott County, Illinois along the Spire STL Pipeline is Kenneth W. Davis (hereinafter "Landowner").

21.      Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 5A** and shown more particularly in the certified plat attached as **Exhibit 5B,** both incorporated herein.

22.      The 1.90 acres more or less described in Exhibits 5A and 5B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT IV

**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**WILLIAM D. BALLARD and ALICE E. BALLARD as CO-TRUSTEES of the WILLIAM AND ALICE BALLARD REVOCABLE LIVING TRUST dated JANUARY 18, 2016; MARK A. RYAN; 1.85 ACRES more or less of REAL PROPERTY in SCOTT COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19.  Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count IV.

20.     The owners of record of certain real property situated in Scott County, Illinois along the Spire STL Pipeline are William D. Ballard and Alice E. Ballard as Co-Trustees of the William and Alice Ballard Revocable Living Trust dated January 18, 2016 and Mark A. Ryan (hereinafter collectively "Landowner").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 6A** and shown more particularly in the certified plat attached as **Exhibit 6B,** both incorporated herein.

22.     The 1.85 acres more or less described in Exhibits 6A and 6B, or other property described, is private property, and the Landowner mentioned in connection with the property is,

as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25. In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26. It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A. That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B. That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.      That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT V

**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**MATTHEW J. CLAYTON; ANNE M. CLAYTON; 2.71 ACRES more or less of REAL**
**PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19.   Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count V.

20.     The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Matthew J. Clayton and Anne M. Clayton (hereinafter collectively "Landowner").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 7A** and shown more particularly in the certified plat attached as **Exhibit 7B,** both incorporated herein.

22.     The 2.71 acres more or less described in Exhibits 7A and 7B, or other property described, is private property, and the Landowner mentioned in connection with the property is,

as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT VI

**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**HART FARMS, LLC, a Missouri limited liability company; 1.48 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19.  Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count VI.

20.     The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Hart Farms, LLC, a Missouri limited liability company (hereinafter "Landowner").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 8A** and shown more particularly in the certified plat attached as **Exhibit 8B,** both incorporated herein.

22.     The 1.48 acres more or less described in Exhibits 8A and 8B, or other property described, is private property, and the Landowner mentioned in connection with the property is,

as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.     That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.     That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.     For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT VII

**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**DARRELL L. MANSFIELD and JO ANN MANSFIELD as CO-TRUSTEES of the**
**DARRELL L. MANSFIELD TRUST NO. 2014; JO ANN MANSFIELD and DARRELL L.**
**MANSFIELD as CO-TRUSTEES of the JO ANN MANSFIELD TRUST NO. 2014;**
**4.04 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and**
**UNKNOWN OWNERS, Defendants.**

1.-19.   Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count VII.

20.     The owners of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline are Darrell L. Mansfield and Jo Ann Mansfield as Co-Trustees of the Darrell L. Mansfield Trust No. 2014 established by Declaration of Trust dated December 23, 2014 and Jo Ann Mansfield and Darrell L. Mansfield as Co-Trustees of the Jo Ann Mansfield Trust No. 2014 established by Declaration of Trust dated December 23, 2014 (hereinafter   collectively "Landowner").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all

legally described in **Exhibit 9A** and shown more particularly in the certified plat attached as **Exhibit 9B,** both incorporated herein.

22.     The 4.04 acres more or less described in Exhibits 9A and 9B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

4BF2973.DOCX 3/18/2024

A.      That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.      That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.      That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT VIII

### SPIRE STL PIPELINE LLC, Plaintiff, v.
### GERALD SCOTT TURMAN; 6.36 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.

1.-19.  Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count VIII.

20.     T The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is Gerald Scott Turman (hereinafter "Landowner").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 10A and 11A** and shown more particularly in the certified plat attached as **Exhibit 10B and 11B,** both incorporated herein.

22. The 6.36 acres more or less described in Exhibits 10A, 11A, 10B and 11B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25. In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26. It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A. That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.      That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.      That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT IX

**SPIRE STL PIPELINE LLC, Plaintiff, v.**
**S.T. Turman Contracting, L.L.C.; 3.07 ACRES more or less of REAL PROPERTY in GREENE COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19.  Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count IX.

20.     The owner of record of certain real property situated in Greene County, Illinois along the Spire STL Pipeline is S.T. Turman Contracting, L.L.C., a Missouri limited liability company (hereinafter "Landowner").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 12A** and shown more particularly in the certified plat attached as **Exhibit 12B,** both incorporated herein.

4BF2973.DOCX 3/18/2024

22.    The 3.07 acres more or less described in Exhibits 12A and 12B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.    Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.    In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.    In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.    It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.    That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.      That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C.      That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D.      That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

SPIRE STL PIPELINE LLC,
Plaintiff,

By:  /s/ Lisa A. Petrilli
                One of Its Attorneys

Sorling Northrup
Lisa A. Petrilli, of Counsel (ARDC #6280865)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone:  (217)544-1144
Facsimile:  (217)522-3173
E-Mail:  lapetrilli@sorlinglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Sorling Northrup
David A. Rolf, of Counsel (ARDC #6196030)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL 62705-5131
Telephone:  (217)544-1144
Facsimile:  (217)522-3173
E-Mail:  darolf@sorlinglaw.com
*ATTORNEY TO BE NOTICED*

## **VERIFICATION**

I, Dave Feeman, the General Manager of Spire STL Pipeline LLC, verifies under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2024.

/s/ Dave Feeman
Dave Feeman, General Manager
Spire STL Pipeline LLC