IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **SPIRE STL PIPELINE LLC, a Missouri limited liability company,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-3069 |
| ) | |
| **BETTY ANN JEFFERSON TRUST No. 11-08,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiff's Motion to Confirm Condemnation (Doc. 31).

Plaintiff Spire STL Pipeline LLC moves to confirm condemnation against Defendants, certain real property located in Scott and Greene Counties in Illinois and the owners or interested parties of record. (Doc. 31 at 1). In its nine-count Complaint for Condemnation, Plaintiff seeks to acquire certain temporary easements to continue to restore areas needed in the construction, operation, and maintenance of a natural gas pipeline across a corridor of real property in Scott and Greene Counties. (*Id.*)

Plaintiff's motion to confirm condemnation is supported by a brief in support of the motion (Doc. 32) and the declaration of Dave Feeman, Plaintiff's General Manager. (Doc. 32-1). In its motion, Plaintiff notes that the Federal Energy Regulatory Commission ("FERC") is responsible for determining the public necessity for the development of natural gas pipelines. (*Id.*) An entity proposing to construct a natural gas pipeline must

obtain a certificate of public convenience and necessity from FERC, commonly referred to as a FERC Certificate. (*Id.* at 2). The holder of a FERC Certificate is afforded rights of eminent domain under the Federal Natural Gas Act as follows:

> **Right of eminent domain for construction of pipelines, etc.**
>
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: *Provided*, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C. § 717f(h). Any review of the FERC order issuing the FERC Certificate is by way of petition to the court of appeals where the proposed pipeline is located or where the holder of the FERC Certificate has its principal place of business, or to the Court of Appeals for the District of Columbia. 15 U.S.C. § 717r(b).

When a FERC Certificate holder seeks condemnation, a district court's jurisdiction is limited in scope. *Spire STL Pipeline LLC v. Jefferson as Trustee of Betty Ann Jefferson Trust #11-08*, 2022 WL 475205, at *1 (C.D. Ill. Jan. 7, 2022). Given the exclusive role of the court of appeals in reviewing FERC orders, "[a] district court's sole charge and authority in NGA condemnation actions is to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope." *Id.* (internal quotation

marks omitted); *see also Guardian Pipeline, L.L.C. v. 529.42 Acres of Land*, 210 F. Supp.2d 971, 974 (N.D. Ill. 2002). Therefore, this Court's role is limited to mere enforcement. *Id.*

The condemnation procedures afforded by 15 U.S.C. § 717f(h) are governed by Federal Rule of Civil Procedure 71.1. *See N. Border Pipeline Co. v. 64.111 Acres of Land in Will County, Il.*, 344 F.3d 693, 694 (7th Cir. 2003). A court may bifurcate condemnation proceedings, first determining whether the party has a right to condemn and then determining compensation. *Rockies Express Pipeline LLC v. 77.620 Acres More Or Less*, 2008 WL 3849911, at *1 (C.D. Ill. Aug. 5, 2008) (citing *Hardy Storage Co., LLC v. An Easement to Construct*, 2006 WL 1004719, at *2 (N.D. W.Va. Apr. 12, 2006)). Plaintiff now seeks only confirmation of its legal right to condemn the easement interests. (Doc. 31 at 3).

Plaintiff is the holder of a FERC Certificate for the construction, operation, and maintenance of a natural gas pipeline referred to as the "Spire STL Project" issued on August 15, 2018. (*Id.*) The FERC Certificate is attached to Plaintiff's Complaint. (Doc. 1-2). The FERC Certificate approved the construction, operation, and maintenance of the Spire STL Project across a corridor of real property in Scott and Greene Counties in Illinois, as shown more particularly in Exhibits 3A through 12B to the Complaint for Condemnation. (Doc. 31 at 3).

Plaintiff claims that, as the holder of the FERC Certificate and in accordance with 15 U.S.C. § 717f(h), it has the right to condemn Defendants' property for easement interests as set forth in the Complaint for Condemnation. (*Id.* at 4). Defendants have been served but have not appeared within 21 days from the date of service, except for Kenneth Davis who did appear to contest compensation. (*Id.*) Those Defendants who have failed

to answer or otherwise appear may no longer answer but may appear and be heard on issues related to compensation as to be determined by this Court at a later time. Fed. R. Civ. P. 71.1(e). Davis, who appeared, has no valid objections to Plaintiff's authorization to condemn the named property interests. (Doc. 31 at 4). The only outstanding issues relate to the amount of compensation to which Defendants are entitled and other compensation-related issues.

No Defendant has responded to Plaintiff's motion seeking condemnation. The Court concludes Plaintiff has a substantive right to condemn to which Defendants have no valid objection. Because Plaintiff holds a valid FERC Certificate, the interests sought are within the scope of the FERC Certificate, and Plaintiff has been unable to enter into agreements with Defendants, the Court's sole charge and authority is to order condemnation of the easements in accordance with the FERC Certificate.

For all of these reasons, Plaintiff Spire STL Pipeline LLC's Motion to Confirm Condemnation [Doc. 31] is GRANTED. The Court hereby confirms condemnation of the easement interests set forth in the Complaint, while reserving issues related to compensation.

ENTER: June 5, 2024

FOR THE COURT:

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE