IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **SPIRE STL PIPELINE LLC**, a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 24-cv-3069 |
| **BETTY ANN JEFFERSON TRUST** No. 11-08, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiff's Motion for Preliminary Injunction for Immediate Possession relating to Count V against Defendants Matthew J. Clayton and Anne M. Clayton. (Doc. 39).

### I.    BACKGROUND

On August 3, 2018, the Federal Energy Regulatory Commission ("FERC") granted a Certificate of Public Convenience and Necessity reissued on December 15, 2022 ("FERC Certificate") to Plaintiff Spire STL Pipeline LLC directing the construction and operation of the Spire STL Pipeline Project, the 65-mile natural gas pipeline described in the Complaint. (Doc. 40 at 1). The gas pipeline route includes real property owned by Matthew J. Clayton and Anne M. Clayton (collectively "Defendant"). (*Id.*) The FERC Certificate sets forth certain conditions and requirements under which Spire STL must construct, operate, and maintain the Spire STL Pipeline Project, including conditions that

Plaintiff comply with the environmental specifications and remediation requirements in the FERC Certificate. (*Id.* at 1-2). The property interests through Defendant's real property in Scott and Greene Counties that are sought and described in the Complaint for Condemnation, Exhibits 7A and 7B, are the same property interests approved and designated in the FERC Certificate, as noted in Plaintiff's Motion to Confirm Condemnation (Doc. 31) and Brief in Support (Doc. 32). (*Id.* at 2). On June 5, 2024, the Court granted Plaintiff's Motion to Confirm Condemnation. (Doc. 47).

Plaintiff states that, in order to remediate Defendant's real property on the Spire STL Pipeline Project through the FERC approved route, Plaintiff has attempted to negotiate the voluntary acquisition of the temporary interests with Defendant. (Doc. 40 at 2). However, Plaintiff has been unable to reach an agreement with Defendant to acquire the necessary temporary easements. (*Id.*) Pursuant to the Natural Gas Act, 15 U.S.C. § 717, *et seq.*, Plaintiff filed its Complaint to acquire the temporary easement interests necessary to remediate Defendant's property on the Spire STL Pipeline Project in Scott and Greene Counties in Illinois. (*Id.*) Defendant was served and failed to appear. (*Id.*)

In requesting a preliminary injunction, Plaintiff seeks immediate possession of the easement interests through Defendant's property more particularly described in Complaint Exhibits 7A and 7B as "Temporary "Workspace" and "Additional Temporary Workspace" (collectively, "Temporary Easement Interests"). (*Id.* at 3). Immediate possession of the Temporary Easement Interests is essential for Plaintiff to complete the project restoration and remediation as ordered by FERC on March 6, 2024. (*Id.*) Plaintiff will be irreparably harmed if unable to complete the FERC ordered remediation. (*Id.*)

Defendant will suffer minimal, if any, harm as Defendant's property will be improved and Defendant will be fully compensated for the Temporary Easement Interests sought whether possession is granted to Plaintiff now or later. (*Id.*)

In order to comply with the FERC Certificate and March 6, 2024 FERC Order, Plaintiff must gain possession of the required easement interests by June 21, 2024. (*Id.*) As typically occurs in federal condemnation actions, the final valuation of the property interests that Plaintiff seeks can later be determined by this Court, a commission, or a jury at trial. (*Id.*) For all of these reasons, Plaintiff seeks entry of a preliminary injunction and an order that immediate possession of the necessary Temporary Easement Interests be granted to Plaintiff. (*Id.*) In order to support the issuance of a preliminary injunction, Plaintiff states it will deposit the full market value of each easement sought with the Court registry, which will sufficiently protect property owners from any harm they may incur. (*Id.*)

## II. DISCUSSION

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, a plaintiff must show that (1) its underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Under the sliding scale approach, the greater the plaintiff's likelihood of success on the merits, the

less the balance of harms needs to weigh in its favor in order to obtain an injunction. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 12 n.3 (7th Cir. 1992). If the balance of harms weighs more heavily in plaintiff's favor, the likelihood of success need not be as great. *Id.*

Upon reviewing the record, the Court finds that Plaintiff has established that a preliminary injunction for immediate possession is warranted. In addition to granting Plaintiff's motion for condemnation in this case, this Court previously confirmed condemnation of the "Temporary Workspace" and "Additional Temporary Workspace" pursuant to Plaintiff's 2018 complaint. *See* Case No. 18-cv-3204, Doc. 252. Because it is undisputed that each of these Temporary Easement Interests remain necessary for the construction, operation, and maintenance of the pipeline authorized in the FERC Certificate, the Court concludes Plaintiff is virtually certain to succeed on the merits, and the only matter left to be resolved is compensation for Plaintiff's taking of those Temporary Easement Interests.

Given that the FERC determined that Plaintiff must perform additional remediation work on Defendant's property as a condition of the FERC Certificate authorizing the construction, operation, and maintenance of the Spire STL Pipeline Project, the Court further concludes that no adequate remedy at law exists if an injunction does not issue.

Even though it requested that FERC order Plaintiff to perform the remediation work described in the March 6, 2024 Order, Defendant now refuses to consent to Plaintiff accessing certain areas on its property to perform the remediation work. In refusing to

consent to Plaintiff's access to Defendant's property, Defendant is interfering with Plaintiff's ability to perform the work previously ordered by FERC. The Court concludes such interference constitutes irreparable harm to Plaintiff. District courts have held that a delay which affects the FERC timeline can constitute irreparable harm. *Guardian Pipeline, L.LC. v. 950.80 Acres of Land*, 210 F. Supp.2d 976, 979 (N.D. Ill. Apr. 4, 2002); *Rockies Express Pipeline LLC v. 77.620 Acres*, 2008 WL 3992689, at *1 (C.D. Ill. Aug. 20, 2008) ("REX has demonstrated irreparable harm since, without immediate possession, construction will be delayed and the FERC timeline will be adversely affected."). The Court further finds that the timely completion of the work ordered by the FERC promotes the public interest.

Given the strong likelihood that Plaintiff will succeed on the merits, the Court finds that the balancing of harms weighs in favor of issuing the injunction for immediate possession. This is particularly true in that the sole purpose of the FERC's March 6, 2024, Order is to require Plaintiff to take additional action to remediate Defendant's property impacted in the initial construction of the Spire STL Pipeline Project, thereby improving the condition of Defendant's property. Any harm that results from Plaintiff's possession of the temporary easement for an additional period of time to perform FERC-ordered remediation can be addressed by compensation later in the proceeding.

Based on the foregoing, the Court concludes Plaintiff has established it is entitled to a preliminary injunction. Plaintiff has agreed to post a security bond in the amount of the Temporary Easement Interests sought. An Illinois licensed real estate appraiser has

determined that the fair market value of the Temporary Easement Interests sought by Plaintiff through Defendant's property is $5,657.00. (Doc. 40 at 12).

For all of these reasons, Plaintiff Spire STL Pipeline LLC's Motion for Preliminary Injunction for Immediate Possession as to Count V vs. Clayton [Doc. 39] is GRANTED. Plaintiff is granted immediate possession of the easements referred to as "Temporary Workspace" and "Additional Temporary Workspace," as defined in 2024 Complaint Exhibits 7A and 7B to Spire STL for remediation work ordered by the FERC in its March 6, 2024, Order in Docket No. CP17-40-000/CP17-40-001.

Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a security bond of $5,657.00 to be deposited in the Court's Registry in accordance with CDIL General Order No. 17-01 and Standing Order CDIL-9.

ENTER: June 17, 2024

FOR THE COURT:

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE