IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **SPIRE STL PIPELINE LLC, a Missouri** <br> **limited liability company,** <br> <br> Plaintiff, <br> <br> v. <br> <br> **BETTY ANN JEFFERSON TRUST** <br> **No. 11-08,** *et al.*, <br> <br> Defendants. | Case No. 24-cv-3069 |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiff's Motion for Preliminary Injunction for Immediate Possession relating to Count III against Defendant Kenneth Davis. (Doc. 35).

## I. BACKGROUND

On August 3, 2018, the Federal Energy Regulatory Commission ("FERC") granted a Certificate of Public Convenience and Necessity reissued on December 15, 2022 ("FERC Certificate") to Plaintiff Spire STL Pipeline LLC directing the construction and operation of the Spire STL Pipeline Project, the 65-mile natural gas pipeline described in the Complaint. (Doc. 36 at 1). The gas pipeline route includes real property owned by Kenneth Davis ("Defendant"). (*Id.*) The FERC Certificate sets forth certain conditions and requirements under which Spire STL must construct, operate, and maintain the Spire STL Pipeline Project, including conditions that Plaintiff comply with the environmental specifications and remediation requirements in the FERC Certificate. (*Id.* at 1-2). The

property interests through Defendant's real property in Scott County that are sought and described in the Complaint for Condemnation, Exhibits 5A and 5B, are the same property interests approved and designated in the FERC Certificate, as noted in Plaintiff's Motion to Confirm Condemnation (Doc. 31) and Brief in Support (Doc. 32). (*Id.* at 2). On June 5, 2024, the Court granted Plaintiff's Motion to Confirm Condemnation. (Doc. 47).

Plaintiff states that, in order to remediate Defendant's real property on the Spire STL Pipeline Project through the FERC approved route, Plaintiff has attempted to negotiate the voluntary acquisition of the temporary interests with Defendant. (Doc. 36 at 2). However, Plaintiff has been unable to reach an agreement with Defendant to acquire the necessary temporary easements. (*Id.*) Pursuant to the Natural Gas Act, 15 U.S.C. § 717, *et seq.*, Plaintiff filed its Complaint to acquire the temporary easement interests necessary to remediate Defendant's property on the Spire STL Pipeline Project in Scott County in Illinois. (*Id.*) Defendant was served and appeared. (*Id.*) Based on Defendant's Answer, he appears to contest only the amount of compensation offered. (Doc. 30).

In requesting a preliminary injunction, Plaintiff seeks immediate possession of the easement interests through Defendant's property more particularly described in Complaint Exhibits 5A and 5B as "Temporary Workspace" and "Additional Temporary Workspace" (collectively, "Temporary Easement Interests"). (Doc. 36 at 3). Immediate possession of the Temporary Easement Interests is essential for Plaintiff to complete the project restoration and remediation as ordered by FERC on March 6, 2024. (*Id.*) Plaintiff will be irreparably harmed if unable to complete the FERC ordered remediation. (*Id.*) Defendant will suffer minimal, if any, harm as Defendant's property will be improved

and Defendant will be fully compensated for the Temporary Easement Interests sought whether possession is granted to Plaintiff now or later. (*Id.*)

In order to comply with the FERC Certificate and March 6, 2024 FERC Order, Plaintiff must gain possession of the required easement interests by June 21, 2024. (*Id.*) As typically occurs in federal condemnation actions, the final valuation of the property interests that Plaintiff seeks can later be determined by this Court, a commission, or a jury at trial. (*Id.*) For all of these reasons, Plaintiff seeks entry of a preliminary injunction and an order that immediate possession of the necessary Temporary Easement Interests be granted to Plaintiff. (*Id.*) In order to support the issuance of a preliminary injunction, Plaintiff states it will deposit the full market value of each easement sought with the Court registry, which will sufficiently protect property owners from any harm they may incur. (*Id.*)

Defendant Davis filed an untimely response to Plaintiff's motion to confirm condemnation and motion for preliminary injunction.[1] (Doc. 51). In deference to Davis's *pro se* status, the Court will consider Davis's response to the extent it relates to Plaintiff's motion for preliminary injunction for immediate possession as to the real property owned by Davis and described in Count III. Because Davis is not an attorney, he is not able to appear on behalf of any other party. Therefore, the Court will not consider any portion of Davis's response that is directed at other counts or property owned by other individuals.

---

[1] Davis's response was due on June 4, 2024, and was filed on June 14, 2024.

## II. DISCUSSION

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, a plaintiff must show that (1) its underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Under the sliding scale approach, the greater the plaintiff's likelihood of success on the merits, the less the balance of harms needs to weigh in its favor in order to obtain an injunction. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 12 n.3 (7th Cir. 1992). If the balance of harms weighs more heavily in plaintiff's favor, the likelihood of success need not be as great. *Id.*

In response, Davis alleges the parties have not resolved the issue of compensation and have not reached a settlement. (Doc. 2-4). Davis further asserts Plaintiff's access to the property is premature because Plaintiff has not received the FERC's final approval as to its remediation plans. (*Id.* at 5-6). Davis contends Plaintiff does not face irreparable harm because it is not facing fines and penalties from the FERC and there is no current FERC proceeding. (*Id.* at 6-7). Davis further claims he has never denied Plaintiff access to his property. (*Id.* at 7-8).

Upon reviewing the record, the Court finds that Plaintiff has established that a preliminary injunction for immediate possession is warranted. In addition to granting

Plaintiff's motion for condemnation in this case, this Court previously confirmed condemnation of the "Temporary Workspace" and "Additional Temporary Workspace" pursuant to Plaintiff's 2018 complaint. *See* Case No. 18-cv-3204, Doc. 252. Because it is undisputed that each of these Temporary Easement Interests remain necessary for the construction, operation, and maintenance of the pipeline authorized in the FERC Certificate, the Court concludes Plaintiff is virtually certain to succeed on the merits, and the only matter left to be resolved is compensation for Plaintiff's taking of those Temporary Easement Interests. The issue of compensation will have to be decided regardless of whether the motion for preliminary injunction is granted.

Given that the FERC determined that Plaintiff must perform additional remediation work on Defendant's property as a condition of the FERC Certificate authorizing the construction, operation, and maintenance of the Spire STL Pipeline Project, the Court further concludes that no adequate remedy at law exists if an injunction does not issue.

Even though it requested that FERC order Plaintiff to perform the remediation work described in the March 6, 2024 Order, Defendant now refuses to consent to Plaintiff accessing certain areas on its property to perform the remediation work. In refusing to consent to Plaintiff's access to Defendant's property, Defendant is interfering with Plaintiff's ability to perform the work previously ordered by FERC. The Court concludes such interference constitutes irreparable harm to Plaintiff. District courts have held that a delay which affects the FERC timeline can constitute irreparable harm. *Guardian Pipeline, L.LC. v. 950.80 Acres of Land*, 210 F. Supp.2d 976, 979 (N.D. Ill. Apr. 4, 2002);

*Rockies Express Pipeline LLC v. 77.620 Acres*, 2008 WL 3992689, at *1 (C.D. Ill. Aug. 20, 2008) ("REX has demonstrated irreparable harm since, without immediate possession, construction will be delayed and the FERC timeline will be adversely affected."). The Court further finds that the timely completion of the work ordered by the FERC promotes the public interest.

Given the strong likelihood that Plaintiff will succeed on the merits, the Court finds that the balancing of harms weighs in favor of issuing the injunction for immediate possession. This is particularly true in that the sole purpose of the FERC's March 6, 2024, Order is to require Plaintiff to take additional action to remediate Defendant's property impacted in the initial construction of the Spire STL Pipeline Project, thereby improving the condition of Defendant's property. Any harm that results from Plaintiff's possession of the temporary easement for an additional period of time to perform FERC-ordered remediation can be addressed by compensation later in the proceeding.

Davis's argument that the March 6, 2024 FERC Order is not final is without merit. While Davis did file for rehearing, the request for rehearing was denied by operation of law when it was not acted on within 30 days. 15 U.S.C. § 717r(a) ("Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied."); *see also* 18 C.F.R. § 385.713(f) ("Unless the Commission acts upon a request for rehearing within 30 days after the request is filed, the request is denied.") Based on statutorily-based jurisdictional consequences of the FERC's inaction on pending rehearing applications, FERC orders cannot be tolled and are considered final orders. *See Allegheny Defense Project v. FERC*, 964 F.3d 1, 19 (D.C. Cir.

2020). Accordingly, the Court concludes the March 6, 2024 FERC Order is final and requires that Plaintiff perform specific remediation of Davis's property, including the temporary easement areas that are the subject matter of this action. Plaintiff has agreed to provide any FERC-required notices.

Based on the foregoing, the Court concludes Plaintiff has established it is entitled to a preliminary injunction. Plaintiff has agreed to post a security bond in the amount of the Temporary Easement Interests sought. An Illinois licensed real estate appraiser has determined that the fair market value of the Temporary Easement Interests sought by Plaintiff through Defendant's property is $2,090.00. (Doc. 36 at 12).

For all of these reasons, Plaintiff Spire STL Pipeline LLC's Motion for Preliminary Injunction for Immediate Possession as to Count III vs. Davis [Doc. 35] is GRANTED. Plaintiff is granted immediate possession of the easements referred to as "Temporary Workspace" and "Additional Temporary Workspace," as defined in 2024 Complaint Exhibits 5A and 5B to Spire STL for remediation work ordered by the FERC in its March 6, 2024, Order in Docket No. CP17-40-000/CP17-40-001. The issue of compensation remains with the Court and will be decided at an appropriate time.

Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a security bond of $2,090.00 to be deposited in the Court's Registry in accordance with CDIL General Order No. 17-01 and Standing Order CDIL-9.

ENTER: June 20, 2024

    FOR THE COURT:

                      /s/ Colleen R. Lawless
                COLLEEN R. LAWLESS
                UNITED STATES DISTRICT JUDGE